IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TYKEISHA S PALMER ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| ) | |
| vs. ) | NO. |
| ) | |
| PRECISION FINANCIAL ) | |
| GROUP, INC., PRECISION ) | |
| PROPERTY GROUP, LLC, ) | |
| PRECISION INVESTMENT ) | |
| PROPERTIES, LLC and ) | |
| CONNIE TAMPLIN. ) | **Jury Trial Demanded** |
| ) | |
| Defendants. ) | |
| _____) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Tykeshia S. Palmer ("Plaintiff") and files this lawsuit against corporate Defendants Precision Financial Group, Inc., Precision Property Group, LLC, Precision Investment Properties, LLC and Connie Tamplin (hereinafter "Defendants") and shows the following:

**INTRODUCTION**

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") to recover due and unpaid overtime compensation, an additional like amount as liquidated damages, and to be

1

reimbursed her costs of litigation, including her reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III §2 of the United States Constitution, FLSA §16(b), 29 U.S.C. §216(b) and 28 U.S.C. §1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia, Atlanta, Division, under 28 U.S.C. §1391 because Defendants are located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Defendant Precision Financial Group, Inc. is a Georgia corporation, which at all times material hereto operated at 4520 Frederick Drive, Atlanta, Georgia 30336. Defendant Precision Financial Group, Inc.'s principal place of business is listed as 56 Perimeter Center East, Suite 450, Atlanta, Georgia 30346 and may be served by delivery of Summons and a copy of this complaint to its Registered Agent, Mark Schaeffer, at 56 Perimeter Center East, Suite 450, Atlanta, Georgia 30346.

5.

This Court's jurisdiction is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1343(4) over Precision Financial Group, Inc. because Defendant it is located in this judicial district and the unlawful employment practices described herein occurred at 4520 Frederick Drive, Atlanta, Fulton County, Georgia 30336. Venue is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

6.

Defendant Precision Property Group, LLC is a Georgia corporation, which at all times material hereto operated at 4520 Frederick Drive, Atlanta, Georgia 30336.  Defendant Precision Property Group, LLC.'s principal place of business is listed as P.O. Box 366512, Atlanta, Georgia 30336. Defendant Precision Property Group, LLC may be served by delivery of Summons and a copy of this complaint to its Registered Agent, T. Monica Jones & Associates, LLC, 2400 Pleasant Hill Rd., Suite 300, Duluth, Georgia 30096.

7.

This Court's jurisdiction is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1343(4) because Defendant is located in this judicial district and the unlawful employment practices described herein occurred at 4520 Frederick Drive,

Atlanta, Fulton County, Georgia 30336.  Venue is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

8.

Defendant Precision Investment Properties, LLC. is a Georgia corporation organized, which at all times material hereto, operated at 4520 Frederick Drive, Atlanta, Georgia 30336.  Defendant Precision Investment Properties, LLC.'s principal place of business is 4520 Frederick Drive, Atlanta Fulton County, Georgia 30336.  Defendant Precision Investment Properties, LLC. may be served by delivery of Summons and a copy of this complaint to its Registered Agent, T. Monica Jones & Associates, LLC, 2400 Pleasant Hill Rd., Suite 300, Duluth, Georgia 30096.

9.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1343(4) because Defendant is located in this judicial district and the unlawful employment practices described herein occurred at 4520 Frederick Drive, Atlanta, Fulton County, Georgia 30336.  Venue is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

10.

Connie Tamplin resides within Douglas County Georgia.  She may be served by delivery of Summons and a copy of this complaint on her at 9263

Charlton Place, Douglas County Georgia 30135.

11.

Plaintiff is a resident of the State of Georgia and was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)(1)) who performed non-exempt labor for the Defendants within the last three years.

12.

Defendants employed Plaintiff during the relevant time period.

13.

At all times material hereto, Defendants were "employers" as defined in FLSA §3(d), 29 U.S.C. §203(s)(1)(A). Specifically, each corporate Defendant at all times material hereto, an enterprise engaged in interstate commerce with gross revenues that exceed $500,000 per year.

14.

At all times material hereto, Defendants were governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

15.

At all times material hereto, Connie Tamplin was the owner, operator, and CEO of each corporate Defendant. In this capacity, Tamplin exercised operational control over the work activities of Plaintiff.

16.

At all times material hereto, Tamplin was involved in the day-to-day operations of the corporate Defendants.

17.

At all times material hereto, Defendants' vested Tamplin with supervisory authority over Plaintiff.

18.

At all times material hereto, Tamplin scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

19.

At all times material hereto, Tamplin exercised authority and supervision over Plaintiff's compensation.

20.

At all times material hereto, Tamplin has been an "employer" as defined in FLSA §3(d), 29 U.S.C. §203(d)).

21.

Tamplin is subject to the personal jurisdiction of this Court.  Defendant Tamplin resides in Douglas County Georgia and can be served at 9263 Charlton Place, Douglasville, GA 30125.

## FACTS

22.

During the relevant times to this suit, Plaintiff performed non-exempt labor for Defendants in the past three years.

23.

During her course of employment Plaintiff worked in various positions for Defendants. Plaintiff's work was performed for the benefit of the Defendants, in the normal course of Defendants' business and was integrated into the business of the Defendants. Plaintiff's primary duties and work performed required no capital investment. Tamplin closely supervised Plaintiff and ensured that Plaintiff was not responsible for any significant decisions regarding the management of Tamplin's companies.

24.

Throughout her employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA and subject to the overtime provisions of the FLSA.

25.

Specifically, as an employee of Defendants and at all times relevant to this suit, Plaintiff was a non-exempt employee under the FLSA and implementing regulations promulgated by the Department of Labor.

26.

Accordingly, during the relevant period to this suit, Plaintiff was misclassified as an exempt employee.

27.

At times relevant to this suit, Plaintiff worked an amount of time for Defendants that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

28.

In general, Plaintiff consistently worked more than forty (40) hours in a workweek.  Plaintiff consistently worked eight (8) hours per day, either working through all or part of her lunch breaks and working an additional time after the end of the workday.

29.

In general, Plaintiff worked at least five (5) days per week.

30.

Despite being fully aware that Plaintiff worked more than forty (40) hours in a workweek, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §204 and §207.

31.

Defendants' willfully, knowingly, and/or recklessly engaged in a practice of

violating the provisions of the FLSA by failing to pay Plaintiff for all of the hours that she worked, including overtime hours (i.e. over 40).

**COUNT I – FAILURE TO PAY OVERTIME AS TO ALL DEFENDANTS**

32.

The allegation in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

33.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA §7, 29 U.S.C. §207(a).

34.

During her employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

35.

Defendants failed to pay Plaintiff at one and one half times her regular rate for work in excess of forty (40) in any week.

36.

Defendants knew, or showed reckless disregard for their failure to pay Plaintiff overtime in violation of the FLSA.

37.

Defendants' conduct was willful and in bad faith.

38.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial in accordance with FLSA §16(b), 29 U.S.C. §216(b).

39.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA §16(b), 29 U.S.C. §216(b).

40.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA §16(b), 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, having shown just cause, Plaintiff respectfully requests this Court:

(A) That Plaintiff's claims be tried before jury;

(B) That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

(C)  That Plaintiff be awarded costs of litigation, including her reasonable attorneys' fees from Defendants; and

(D)  For such other and further relief as the Court deems just and proper.

Respectfully submitted: November 21, 2016.

/s/ Debra K Scott, Esq.
Georgia Bar No. 631980

PETREE & SCOTT
2296 Henderson Mill Rd.
Suite 404
Atlanta, GA 30345
Tel:  404-938-1061
Fax: 770-939-7855
Email: dscott@petreescott.com

COUNSEL FOR PLAINTIFF
